IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TERRY ROBINSON, Individually and on Behalf of
The Wrongful Death Beneficiaries of Dennis Earl Holmes, Deceased — PLAINTIFF

V. — CASE NO.: 3:10-CV-629-CWR-LRA

THE TOWN OF WALNUT GROVE; WALNUT GROVE
CORRECTIONAL AUTHORITY; CORNELL COMPANIES,
INC., GEO GROUP; WALTER (Brick) TRIPP,
JOHN DOE, 1-5; and JOHN DOE CORPORATIONS, 1-5 — DEFENDANTS

**DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT**

COME NOW Defendants, Warden Brick Tripp, the Cornell Companies, Inc. ("Cornell") ,and The GEO Group, Inc. ("GEO"), (collectively herein after referred to as Defendants), through counsel, and file this their Answer and Defenses to the Plaintiff's[1] Complaint (Document No. 1) filed against them and in support thereof show as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against the Defendants upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

The Defendants allege that if Plaintiff suffered any injury attributable to these defendants, which is denied, the same was *de minimus* and Plaintiff's claim must be dismissed.

**THIRD DEFENSE**

The Defendants now respond, paragraph by paragraph, to the allegations of the Plaintiff's Complaint (Document No. 1), as follows:

[1]Any reference to the "Plaintiff" hereinafter in this Answer shall include the named plaintiff as well as the decedent, Dennis Earl Holmes.

1. The first paragraph of the Complaint appears to require no response from the Defendants. However, to the extent that a response is required, the Defendants deny the Plaintiff's allegations to the extent that the Plaintiff seeks to impose liability upon them. The Defendants do not question the jurisdiction of the Court; however, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law. In all other respects, the Plaintiff's allegations are denied.

2-3. These Defendants are without information or knowledge sufficient to form a belief as to the truth of the plaintiff's allegations in Paragraphs 2-3 of the Complaint. However, it is admitted that Dennis Earl Holmes was a convicted inmate who was formerly housed by the Mississippi Department of Corrections ("MDOC") at the Walnut Grove Youth Correctional Facility ("WGYCF"), and further that Mr. Holmes is now deceased. Further, the Defendants affirmatively deny that they, or any of them, breached any duty to the Plaintiff. The Defendants affirmatively deny that they, or any of them, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States. Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

4. Denied, except that the Town of Walnut Grove appoints the members of the Board of the Walnut Grove Correctional Authority ("WGCA"), which is itself a governmental entity.

5. Denied, except that the WGCA is a governmental entity, and that the governing body of the Town of Walnut Grove appoints the members of the WGCA governing board.

6-7. Denied as phrased. It is admitted that at the time of Mr. Holmes' death, the WGYCF was operated by Cornell pursuant to contract with the WGCA. It is further admitted that during the year 2010 subsequent to Mr. Holmes' death, Cornell merged with GEO, and that GEO is now the

corporate operator of the WGYCF. Further, the Defendants affirmatively deny that they, or any of them, breached any duty to the Plaintiff. The Defendants affirmatively deny that they, or any of them, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States. Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

8. It is admitted that Brick Tripp is the senior warden (facility administrator) at the WGYCF. Further, the Defendants affirmatively deny that they, or any of them, breached any duty to the Plaintiff. The Defendants affirmatively deny that they, or any of them, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States. Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

9-10. Denied. Further, the Defendants affirmatively deny that the identity of the medical provider(s) of the WGYCF were not known to the Plaintiffs. Alternatively, the Defendants state that the use of due diligence, the Plaintiffs should have know of the identify of such providers at the time of filing of this action, and certainly in order to timely serve process on such providers. The answering Defendants affirmatively deny that they, or any of them, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States. Further, the answering Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

11. Denied.

12. These Defendants are without information or knowledge sufficient to form a belief as to the truth of the plaintiff's allegations in Paragraph 12 of the Complaint except that Mr. Holmes

was housed at the WGYCF at the time of his death on November 1, 2007.  Further, the Defendants affirmatively deny breached any duty to the Plaintiff.  The Defendants affirmatively deny that they, or any of them,  have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States.  Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

      13.     Denied as phrased.

      14.     Denied.

      15.     Denied as phrased.  Further, the Defendants affirmatively deny that they, or any of them,  breached any duty to the Plaintiff.  The Defendants affirmatively deny that they, or any of them, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States.  Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

      16.     Denied as phrased.  Further, the Defendants affirmatively deny that they, or any of them,  breached any duty to the Plaintiff.  The Defendants affirmatively deny that they, or any of them, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States.  Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

      17.     Denied, except that the Defendants admit that the WGCA was authorized by contract with the State of Mississippi (through the MDOC) to house MDOC inmates at the WGYCF, and further that the WGCA had a contract with Cornell to operate the WGYCF, and further that the

MDOC retained the authority to provide medical services at the WGYCF, and hired a separate private contractor to provide such services to WGYCF inmates.

18-22.   Denied.

23.   Denied. Further, these Defendants affirmatively deny that they, or any of them or any of their employees, breached any duty to the Plaintiff. These Defendants affirmatively deny that they, or any of them or any of their employees, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States. Further, these Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

24.   Denied as phrased, except that the Defendants admit that the WGCA was authorized by contract with the State of Mississippi (through the MDOC) to house MDOC inmates at the WGYCF, and further that the WGCA had a contract with Cornell to operate the WGYCF, and further that the MDOC retained the authority to provide medical services at the WGYCF, and hired a separate private contractor to provide such services to WGYCF inmates. Further, these Defendants affirmatively deny that they, or any of them, breached any duty to the Plaintiff. These Defendants affirmatively deny that they, or any of them, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States. Further, these Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

25-30.   Denied. Further, these Defendants affirmatively deny that they, or any of them or any of their employees, breached any duty to the Plaintiff. These Defendants affirmatively deny that they, or any of them or any of their employees, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the

United States. Further, these Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

31. Denied.

32. Denied.

33. Denied.

34. These Defendants deny the Plaintiff's allegations in paragraph 34 including all subparagraphs thereof. Further, these Defendants affirmatively deny that they, or any of them, breached any duty to the Plaintiff. These Defendants affirmatively deny that they, or any of them, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States. Further, these Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

35. The Defendants incorporate their responses and defenses to paragraphs 1-34.

36. Denied.

37. The Defendants incorporate their responses and defenses to paragraphs 1-36.

38. Denied.

39. These Defendants deny the Plaintiff's allegations in paragraph 39 including all subparagraphs thereof. Further, these Defendants affirmatively deny that they, or any of them, breached any duty to the Plaintiff. These Defendants affirmatively deny that they, or any of them, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States. Further, these Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

40. The Defendants incorporate their responses and defenses to paragraphs 1-39.

41. Denied.

42-43. These Defendants deny the Plaintiff's allegations in paragraphs 42-43. Further, these Defendants affirmatively deny that they, or any of them, breached any duty to the Plaintiff. These Defendants affirmatively deny that they, or any of them, have deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States. Further, these Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

44. The Defendants incorporate their responses and defenses to paragraphs 1-43.

45-46. These Defendants are without information or knowledge sufficient to form a belief as to the truth of the plaintiff's allegations in Paragraphs 45-46 of the Complaint except that Mr. Holmes was housed at the WGYCF at the time of his death on November 1, 2007.

47. Denied.

48. Denied.

Regarding the Plaintiff's allegations in the unnumbered paragraph on pages 12-13 which begins "WHEREFORE, Plaintiff respectfully prays," the Defendants deny the allegations contained in such paragraph (to include all sub-paragraphs (including sub-paragraphs (a)-(h)) thereof. Further, the Defendants deny the Plaintiff is entitled to any relief whatsoever, including, but not limited to, that requested in the Complaint.

**FOURTH DEFENSE**

The Plaintiff's claims of negligence do not give rise to a claim under 42 U.S.C. § 1983.

**FIFTH DEFENSE**

At all times, the Defendants' actions were in good faith and in compliance with, and in

furtherance of, compelling state interests and proper correctional procedures.

**SIXTH DEFENSE**

In the alternative, the Defendants are entitled to, and do plead, the defense of good faith immunity.

**SEVENTH DEFENSE**

In the alternative, the Defendants plead all applicable provisions of the Prison Litigation Reform Act in bar of Plaintiff's claims, or as a limitation of liability, which is denied.

**EIGHTH DEFENSE**

The Plaintiff's Complaint should be dismissed based on the insufficiency of process and insufficiency of service of process pursuant to Rule 12(b)(4),(5) of the Federal Rules of Civil Procedure.

**NINTH DEFENSE**

At no time did the Defendants act with deliberate indifference to any right guaranteed to the Plaintiff by the United States Constitution.

**TENTH DEFENSE**

The Plaintiff by and through the Complaint, is subject to the provisions of the Mississippi Code § 47-5-138.

**ELEVENTH DEFENSE**

It is denied that the Plaintiff was deprived of any right or privilege guaranteed to him under the Constitution and Laws of the United States, including but not limited to the Eighth Amendment or Fourteenth Amendment to such Constitution and 42 U.S.C. § 1983, or under the Constitution and Laws of the State of Mississippi, as a result of any act of the Defendants. Therefore, each and every allegation of the Complaint to the contrary is denied.

**TWELFTH DEFENSE**

At all times, the Plaintiff has been provided care, custody and security which was, at a minimum, adequate under the standards of the Constitution of the United States, to include the Eighth Amendment, as well as the Constitution and Laws of the State of Mississippi.

**THIRTEENTH DEFENSE**

No act or omission on the part of these Defendants and no condition complained of amounts to punishment of Plaintiff or amounts to cruel and inhuman punishment of Plaintiff.

**FOURTEENTH DEFENSE**

Plaintiff failed to mitigate his alleged injuries, and his injuries and damages, respectively, if any, would not have occurred, or have been as severe, had Plaintiff mitigated such alleged damages.

**FIFTEENTH DEFENSE**

The actions of others over whom the Defendants have no control and for whose acts and omissions the Defendants are not responsible, combined to constitute the sole proximate cause or a contributing cause of the accident and any injuries suffered by Plaintiff.

**SIXTEENTH DEFENSE**

The incident in question and any alleged injuries resulted from the acts or omissions of persons or entities other than the Defendants for which the Defendants are in no way responsible or liable. Alternatively, said acts or omissions of persons or entities other than the Defendants constitute an independent, superseding cause for which the Defendants are in no way responsible or liable.

**SEVENTEENTH DEFENSE**

No Defendants may be held vicariously liable for any alleged act or omission of any other Defendants or person under the circumstances in which Plaintiff's allegations are based.

**EIGHTEENTH DEFENSE**

The Defendants invoke the provisions of § 85-5-7 of the Mississippi Code and assert all defenses, rights, privileges, and immunities to which they are entitled thereunder.

**NINETEENTH DEFENSE**

The Plaintiff, by and through the Complaint, is subject to the provisions of 18 USC § 3626, including the restrictions, limitations and penalties therein.

**TWENTIETH DEFENSE**

The Plaintiff, by and through the Complaint, is subject to the provisions of 28 USC § 1915.

**TWENTY-FIRST DEFENSE**

While incarcerated in the Walnut Grove Correctional Facility, or elsewhere while in these Defendants' custody or control, the Plaintiff received constitutionally adequate medical care.

**TWENTY-SECOND DEFENSE**

The Defendants invoke the procedural and substantive aspects of § 11-1-65 of the Mississippi Code.

**TWENTY-THIRD DEFENSE**

Plaintiff's claim for punitive damages is barred by the applicable statute of limitations.

**TWENTY-FOURTH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because the standards of liability for punitive damages in Mississippi are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**TWENTY-FIFTH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because the Mississippi standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

**TWENTY-SIXTH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because Mississippi's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

**TWENTY-SEVENTH DEFENSE**

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWENTY-EIGHTH DEFENSE**

The imposition of punitive damages in this case based upon a theory of respondeat superior without proof that an officer, director of managing agent of the company acted with the requisite state of mind would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**TWENTY-NINTH DEFENSE**

The imposition of punitive and several liability for punitive damages in this case would

violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

**THIRTIETH DEFENSE**

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

**THIRTY-FIRST DEFENSE**

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**THIRTY-SECOND DEFENSE**

The imposition of punitive damages in this case based upon evidence of a Defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Section 14 of the Mississippi Constitution.

**THIRTY-THIRD DEFENSE**

The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of a Defendants would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.

**THIRTY-FOURTH DEFENSE**

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the Plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

**THIRTY-FIFTH DEFENSE**

The imposition of punitive damages in this case pursuant to Mississippi law to punish

Defendants for conduct that occurred outside of Mississippi would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

**THIRTY-SIXTH DEFENSE**

To the extent it seeks punitive damages, the Complaint violates Sections Sixteen and Seventeen of the Mississippi Constitution.

**THIRTY-SEVENTH DEFENSE**

No Defendants herein can be held liable under the doctrine of respondent superior.

**THIRTY-EIGHTH DEFENSE**

Alternatively, the Plaintiff's claims, or some of them, are barred by the applicable statute of limitations.

**THIRTY-NINTH DEFENSE**

The responsibility to provide medical care to inmates that WGYCF was retained by the MDOC, which utilized a private contractor, Health Assurance, LLC (HALLC), to provide medical care to WGYCF inmates. HALLC and its employees had independent discretion regarding medical care necessary and appropriate for WGYCF inmates. Accordingly, the Plaintiff's Complaint should be therefore dismissed pursuant to Rule 12(b)(7) for failure to join a party under Rule 19 of the Federal Rules of Civil Procedure.

**FORTIETH DEFENSE**

In the alternative, the answering Defendants herein affirmatively plead the provisions of notice and requirements of Miss. Code. Ann. § 15-1-36.

**FORTY-FIRST DEFENSE**

In the alternative, the answering Defendants herein affirmatively plead the provisions of

notice and requirements of Miss. Code. Ann. § 11-1-58.

**FORTY-SECOND DEFENSE**

In the alternative, the answering Defendants herein affirmatively plead that while housed at the WGYCF, Mr. Holmes was provided such reasonable, ordinary and due care and attention as his mental and physical condition, as known to his medical providers, required.

**FORTY-THIRD DEFENSE**

In the alternative, the answering Defendants herein affirmatively plead that the injuries and damages alleged in the Complaint were the result of pre-existing conditions, illnesses, and/or injuries which were neither caused by nor contributed to by the Defendants, or any of them.

**FORTY-FOURTH DEFENSE**

In the alternative, the answering Defendants herein deny that they, or any of them, were responsible or was guilty of any negligence or breach of an applicable standard of care which proximately caused or contributed to Plaintiff's injuries or damages, if any.

**FORTY-FIFTH DEFENSE**

In the alternative, the answering Defendants herein affirmatively plead that Mr. Holmes' medical condition and injuries, if any, were neither caused by nor related to any actions or omissions of these Defendants or any agent, servant, or employee of them.

**FORTY-SIXTH DEFENSE**

In the alternative, the answering Defendants herein affirmatively plead that the sole proximate cause of Plaintiff's injuries and damages, if any, is related to idiopathic causes, natural causes relating to physical condition or poor health, or superceding and intervening causes, and not related to actions or omissions to act by these Defendants, or any agent, servant, or employee of them.

**FORTY-SEVENTH DEFENSE**

In the alternative, the answering Defendants herein affirmatively plead that at all relevant times, the medical staff at the WGYCF possessed and exercised that degree of skill, care, and diligence practiced by reasonable, careful, diligent, and prudent similar medical professionals practicing in Walnut Grove, Leake County, Mississippi, and all other areas of the United States of America.

**FORTY-EIGHTH DEFENSE**

In the alternative, the answering Defendants herein affirmatively plead the provisions of §§ 11-1-60 and 11-1-69, Miss. Code. Ann.

**FORTY-NINTH DEFENSE**

In the alternative, the answering Defendants herein affirmatively plead and invoke the provisions of § 85-5-7 of the Mississippi Code and assert all defenses, rights, privileges, and immunities to which they are entitled thereunder.

**FIFTIETH DEFENSE**

The facts not having been fully developed, the Defendants affirmatively plead the following affirmative defenses as may be applicable in this action: accord and satisfaction, arbitration and award, assumption of risk, failure to mitigate damages, contributory negligence, statute of limitations, discharge in bankruptcy, duress, estoppel, failure of consideration, laches, license, payment, release, injury by fellow servant, res judicata, collateral estoppel, statute of frauds, waiver, improper venue, lack of subject matter jurisdiction, inadequate notice, absolute immunity, qualified immunity, insufficiency of process, insufficiency of service of process, untimely service of process under FRCP Rule 4(m),or any other matter constituting an avoidance or affirmative defense under either state or federal law.

NOW, having fully answered the allegations of Plaintiff's Complaint and having set forth their defenses thereto, these Defendants move this Court to dismiss the Plaintiff's Complaint with prejudice at Plaintiff's cost, and for an award of attorney fees and expenses pursuant to 42 USC § 1988. The Defendants request such other and further relief as the Court may deem just and proper under the circumstances of this case.

This the 4th day of March, 2011.

Respectfully submitted,

**WARDEN BRICK TRIPP, THE CORNELL COMPANIES INC., and THE GEO GROUP, INC.** Defendants

BY: /s/ Lee Thaggard

Lee Thaggard (MSB #9442), of
HAMMACK, BARRY, THAGGARD & MAY, LLP
Post Office Box 2009
Meridian, MS 39302-2009
Telephone: 601-693-2393
Facsimile: 601-693-0226

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which provided notice of such filing to :

Earle S. Banks
Dockins Turnage & Banks, PLLC
6520 Dogwood View Parkway, Suite B
Jackson, MS 39213

THIS the 4th day of March, 2011.

/s/ Lee Thaggard
LEE THAGGARD

F:\MyFiles\WPDOCS\22136\Answer.wpd