**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**TERRY ROBINSON, Individually and on**                          **PLAINTIFF**
**Behalf of All Wrongful Death Beneficiaries of**
**DENNIS EARL HOLMES, Deceased**

**VS**                                        **CIVIL ACTION NO. 3:10cv629-CWR-LRA**

**THE TOWN OF WALNUT GROVE, et al.**                          **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
BY DEFENDANT HEALTH ASSURANCE LLC**

The federal law claim made under 42 U.S.C. §1983 against Health Assurance LLC in the

First Amended Complaint is time-barred by the three-year statute of limitations in Miss. Code Ann.

§ 15-1-49 (Rev. 2003), and the state law medical negligence claim made against Health Assurance

LLC in the First Amended Complaint is time-barred by the two-year limitation period in Miss. Code

Ann. §15-1-36 (Rev. 2003).  For these reasons, Health Assurance LLC asks the Court to grant

summary judgment and dismiss it with prejudice from this civil action.

**Summary Judgment Standard**

> A party may move for summary judgment, identifying each claim or
> defense - - or the part of each claim or defense - - on which summary
> judgment is sought.  The court shall grant summary judgment if the
> movant shows that there is no genuine dispute as to any material fact
> and the movant is entitled to judgment as a matter of law. ... .

F.R.C.P. 56(a)

**Procedural Summary**

On October 29, 2010, Plaintiff Terry Robinson filed a Complaint individually and on behalf of the wrongful death beneficiaries of Dennis Earl Holmes, Deceased, and made claims under federal law and state law for the wrongful death of her son, Dennis Earl Holmes, who died while incarcerated at the Walnut Grove Youth Correctional Facility (WGYCF). [#1 at 1, 4-5, 10-11].[1] The federal law claim is made under 42 U.S.C. §1983 and alleges all defendants violated Holmes' constitutional rights because they acted with deliberate indifference to Holmes' serious need for medical care. [#1 at 1, 10]. The state law claim alleges all defendants were negligent and grossly negligent because they failed to provide Holmes with adequate medical attention. [#1 at 7-11].

The Complaint named as defendants the Town of Walnut Grove, Mississippi, the Walnut Grove Correctional Authority, Cornell Companies, Inc. (Cornell), GEO Group and Walter Tripp. The Town of Walnut Grove contracted with the State of Mississippi to create and appoint members to the Walnut Grove Correctional Authority, which in turn contracted with Cornell for it to operate WGYCF. Defendant Tripp is the warden of WGYCF. Defendant GEO Group merged with Cornell and is the successor in interest under the contract for the operation of WGYCF. [#1 at 2-3].

Health Assurance, LLC is not named in the Complaint. Instead, the Complaint names unknown corporate defendants as "Defendant John Doe Corporations", and alleges that "the unknown John Doe Corporations were responsible for ... medical providers for the facility" and "[u]pon discovery of their true identity, the John Doe Corporation defendants will be substituted." [#1 at 4].

---

[1] Citations are to the document number assigned by the CM/ECF System to the documents which are attached as exhibits to the summary judgment motion.

On May 26, 2011, Plaintiff Robinson filed a Motion for Leave to File First Amended Complaint [#21] wherein Plaintiff Robinson asked for permission to add Health Assurance as an additional defendant. [#21 at 2].  The Motion stated that after the filing of the Complaint, Plaintiff Robinson discovered that Health Assurance was the contract provider of medical care for WGYCF inmates at the time of Holmes' incarceration and death and, therefore Plaintiff Robinson claimed Health Assurance was responsible for the failure to provide medical care to Holmes. [#21 at 2].

On June 9, 2011, the Court entered a Text Order granting Plaintiff Robinson's Motion.

On June 21, 2011, Plaintiff Robinson filed the First Amended Complaint. [#24].

New paragraph 9 in the First Amended Complaint adds Health Assurance to the civil action and alleges that Health Assurance contracted "to provide medical services to inmates at Walnut Grove Youth Correctional Facility ... ." [#24 at 3].   Otherwise, the allegations and claims made in the First Amended Complaint are the same as those made in the original Complaint.[2]   The First Amended Complaint makes a federal law claim under 42 U.S.C. §1983 and alleges all defendants, including Health Assurance, violated Holmes' constitutional rights by acting with deliberate indifference to Holmes' serious need for medical care. [#24 at 1, 4-12].   The First Amended Complaint makes a state law claim and alleges that all defendants, including Health Assurance, were negligent and grossly negligent in providing  medical care to Holmes. [#24 at 4-12].

---

[2] Only minor grammatical or textual differences exist between the Complaint and the First Amended Complaint.  Paragraphs 1-8 in the First Amended Complaint [#24 at 1-3] are the same as Paragraphs 1-8 in the original Complaint. [#1 at 1-3].  Paragraphs 10-17 in the First Amended Complaint [#24 at 4-6] are substantively the same as Paragraphs 9-16 in the original Complaint. [#1 at 3-6 ].  The First Amended Complaint has two paragraphs that are numbered "17". [#24 at 6].  Beginning with the second paragraph numbered "17" in the First Amended Complaint, Paragraphs 17-48 in the First Amended Complaint [#24 at 6-12] are substantively the same as Paragraphs 17-48 in the original Complaint. [#1 at 6-12].

**Factual Summary**

For only this summary judgment motion, Health Assurance accepts as undisputed the allegations in the First Amended Complaint and in the other documents supporting the Summary Judgment Motion, and Health Assurance views those allegations in the light most favorable to Plaintiff Robinson and draws from those allegations all reasonable inferences in her favor.  *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010)("This Court views 'the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor.'")(*quoting, Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005)).

Health Assurance contracted to staff the medical department at WGYCF with medically trained personnel who were to treat the persons incarcerated at WGYCF . [#24 at 3].

Holmes was born on July 30, 1987.  He was convicted of robbery in Hinds County, Mississippi and was incarcerated at WGYCF on June 20, 2007. [#24 at 4].  When Holmes arrived at WGYCF, he weighed approximately 130 pounds.  [#24 at 4].  Soon after arriving at WGYCF, Holmes started to lose weight, began having headaches, started experiencing weakness, lost his appetite and could not eat. [#24 at 4, 5, 11].  Between June 20 and November 1, 2007, Holmes lost almost 30 pounds.  [#24 at 5].

Holmes told the correctional officers and the medical staff about his head hurting, his headaches, his weakness, his loss of appetite, and his inability to eat. [#24 at 4-5].  Between June 20, 2007 and November 1, 2007, no medical staff member rendered competent medical care to Holmes or interceded on his behalf.  [#24 at 5].  The medical staff at WGYCF never provided Holmes with adequate care.  Instead, the medical staff provided unreasonable medical care to Holmes or ignored

4

his medical needs. [#24 at 7, 8].

Holmes told his mother, Plaintiff Robinson, and other family members about his weight loss and medical problems and told them about the medical providers' failure to treat him for his weight loss and medical problems. [#24 at 4-5].

On the morning of November 1, 2007, Holmes began experiencing breathing problems and was so weak he could not leave his cell for breakfast.  In spite of resuscitation attempts, Holmes died.  He weighed 101 pounds. [#24 at 5].

### Plaintiff Robinson's Allegations Against Health Assurance

Plaintiff Robinson alleges:

• The medical staff did not "render competent medical care" to Holmes when he complained of "headaches, fatigue and loss of appetite" and weight loss. [#24 at 5 at ¶15].

• Health Assurance and the other defendants "were grossly negligent and deliberately indifferent" to Holmes' need for medical care. [#24 at 7 at ¶23].

• Between June 20 and November 1, 2007, the medical providers failed to provide Holmes with reasonable medical care and acted with deliberate indifference to Holmes' serious need for medical care. [#24 at 8 at ¶27].

• Health Assurance denied Holmes "prompt, reasonable medical care". [#24 at 9 at ¶31].

• Health Assurance on the date of Holmes' death committed negligent and grossly negligent "errors, omissions and failures" in responding to Holmes' need for "medical care for his serious medical needs" and acted with deliberate indifference to those serious medical needs. [#24 at 9 at ¶33].

- Health Assurance's deliberate indifference and its negligent and grossly negligent failure to adequately treat Holmes' medical conditions proximately caused his death. [#24 at 11-12 at ¶¶40-48].

- Health Assurance is liable "[u]nder the theory of *respondeat superior* or vicarious liability" for the acts and omissions of the medical personnel who were responsible for treating Holmes while he was incarcerated at the WGYCF. [#24 at 12 at ¶48].

### Federal Law Claim Is Time-Barred

Plaintiff Robinson's wrongful death claim under 42 U.S.C. § 1983 alleges Health Assurance violated the Eighth and Fourteenth Amendments because it acted with deliberate indifference to Holmes' serious need for medical care.[3] [#24 at 1 at ¶1, at 10 at ¶36, at 12].

Section 1983 has no statute of limitations so the courts borrow Mississippi's "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573, 582, 102 L. Ed 2d 594 (1989); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The federal courts apply the statute of limitations in Miss. Code Ann. §15-1-49 (Rev. 2003) to claims made under 42 U.S.C. §1983 in civil actions filed in the federal courts located in Mississippi. *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008), *citing, James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990)("Mississippi's residual statute of limitations applies in § 42 U.S.C. §1983 actions").

---

[3] Holmes was a convicted inmate so Plaintiff Robinson's claim is made under the Eighth Amendment and not the Fourteenth Amendment. *Hare v. City of Corinth, Miss.* 74 F.3d 633, 639 (5th Cir. 1996)(*en banc*)("Pretrial detainees and convicted prisoners, however, look to different constitutional provisions for their respective rights to basic needs such as medical care and safety. The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment, . . .. The constitutional rights of a pretrial detainee, on the other hand, flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment.").

Section 15-1-49 establishes a 3-year limitation period and reads in applicable part:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

Miss. Code Ann. §15-1-49(Rev. 2003).

Although state law provides the statute of limitations for Plaintiff Robinson's Section 1983 claim, federal law determines the claim's accrual date, that is, the date on which the limitation clock begins to run. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 1095, 166 L.Ed. 2d 973 (2007)("[T]he accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." (emphasis in original)); *Piotrowski v. City of Houston*, 237 F.3d at 576 (Federal law determines accrual of a §1983 claim).

> "Under federal law, the [limitations] begins to run 'the moment the plaintiff becomes aware that he has suffered an **injury** or has sufficient information to know that he has been **injured**.'" ... .  A plaintiff's awareness encompasses two elements: "(1) The existence of the **injury**; and (2) causation, that is, the connection between the **injury** and the defendant's actions." ... .  A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. ... .  Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski v. City of Houston*, 237 F.3d at 576 (citations omitted; emphasis added).

The "injury" for Plaintiff Robinson's Section 1983 wrongful death claim is Holmes' death, which Plaintiff Robinson knew occurred on November 1, 2007. [#1 at 11 at ¶46; #24 at 12 at ¶46].

The undisputed facts show Plaintiff Robinson knew the WGYCF medical staff "caused" the "injury".  Holmes told Plaintiff Robinson and other family members that he had lost a "drastic amount of weight" and that he had complained to the medical staff about headaches, weakness, loss

of appetite, and fatigue from June 20, 2007 until his death on November 1, 2007. [#24 at 4-5].

Holmes also told Plaintiff Robinson and other family members that the medical staff did not respond

to his complaints and requests for medical care.  [#24 at 5 at ¶13].  Plaintiff Robinson knew that

Holmes weighed 130 pounds when he arrived at WGYCF and that he weighed 101 pounds when he

died on November 1, 2007.  [#24 at 4-5 at ¶13].

In summary, no later than the date of Holmes' death on November 1, 2007, Plaintiff

Robinson knew Holmes had been "injured" by the failure to treat him for his weight loss and other

medical problems, and Plaintiff Robinson knew the "injury" was caused by the WGYCF medical

staff.  Accordingly, Plaintiff Robinson's wrongful death claim under Section 1983 accrued on

November 1, 2007.  *See Vernon v. City of Dallas*, 2009 WL 2486033 at *2 (N.D. Tex. August 13,

2009)(§1983 wrongful death claim accrued on the date the decedent died.); *Garza v. Rio Hondo*,

2005 WL 1745453 at *4 (S.D. Tex. July 25, 2005)("Plaintiffs' cause of action [under Section 1983]

accrued on June 27, 2002, the date officers allegedly failed to render timely first aid and assistance

to the decedent, which is the same date the decedent died.").

Since the Section 1983 claim accrued on November 1, 2007, Plaintiff Robinson had three

years from November 1, 2007, to bring her Section 1983 claim against Health Assurance.  The

following undisputed facts show Plaintiff Robinson failed to meet that deadline.

November 1, 2007:    Plaintiff Robinson's Section 1983 claim accrued.

November 1, 2010:    Three-year limitation expired under Section 15-1-49.[4]

---

[4] Under F.R.C.P. 6(a)(1), the date of accrual, Thursday, November 1, 2007, is excluded and the last date of the three-year limitations period, Monday, November 1, 2010, is included.

June 21, 2011:          The First Amended Complaint was filed three years, seven months

and 20 days after the Section 1983 claim accrued.

Plaintiff Robinson's Section 1983 claim against Health Assurance is time-barred, so Health

Assurance asks the Court to grant summary judgment and dismiss the claim.

### State Law Claim Is Time-Barred

This Court has subject matter jurisdiction under 28 U.S.C. § 1367(a)[5] over Plaintiff

Robinson's state law wrongful death tort claim because the state law claim and her federal law claim

arise out of the same case or controversy.  *See, McRaven v. Sanders*, 577 F.3d 974, 984 (8th Cir.

2009)(Court had supplemental jurisdiction over state law claim because it arose out of the same case

or controversy and had a common nucleus of operative fact with the Section 1983 claim alleging

violation of the Eighth Amendment for acting with deliberate indifference to the inmate's serious

medical needs.).

When this Court exercises supplemental jurisdiction, it applies Mississippi's substantive law.

*McBay v. Harrison County, Mississippi*, 2008 WL 3287188 at *1 (S.D. Miss. August 7, 2008),

*citing, Zavala v. City of Houston, Texas*, 196 F.3d 1256, 1999 WL 800008 at *2 (5th Cir. 1999).

---

[5]                   (a) Except as provided in subsections (b) and (c) or as expressly
provided otherwise by Federal statute, in any civil action of which the
district courts have original jurisdiction, the district court shall have
supplemental jurisdiction over all other claims that are so related to
claims in the action within such original jurisdiction that they form part
of the same case or controversy under Article III of the United States
Constitution.  Such supplemental jurisdiction shall include claims that
involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

That substantive law includes the statute of limitations which a Mississippi court would apply to Plaintiff Robinson's state law tort claim were it filed in state court. *See, Bradley v. Frito-Lay*, 2006 WL 2805317 at *7-*9 (S.D. Miss. Sept. 25, 2006)(applying state limitations to state law claims made under supplemental jurisdiction); *see also, Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109-110, 65 S.Ct. 1464, 1469-1470, 89 L.Ed. 2079 (1945).  (State statute of limitations apply in diversity jurisdiction cases).

Under Mississippi law, Plaintiff Robinson's wrongful death claim "is limited by the statute of limitation applicable to the tort resulting in the wrongful death." *Thiroux v. Austin*, 749 So.2d 1040, 1042 (¶4)(Miss. 1999)(*en banc*), *cited with approval in, Clark Sand Co., Inc. v. Kelly*, 60 So.3d 149, 162 (¶45)(Miss. 2011)(*en banc*).  Plaintiff Robinson's state law wrongful death claim against Health Assurance is predicated on medical negligence, so the statute of limitation for a medical negligence claim applies.  The statute of limitations for medical negligence is found in Miss. Code Ann. §15-1-36(Rev. 2003), which in applicable part reads:

> (2)  For any claim accruing on or after July 1, 1998, and except as otherwise provided in this section, no claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirmed, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered and, except as described in paragraphs (a) and (b) of this subsection, in no event more than seven (7) years after the alleged act, omission or neglect occurred: ... .

Miss. Code Ann. §15-1-36(2)(Rev. 2003)[6]

---

[6] The exception in paragraph (a) applies only when a foreign object is left in a patient's body and the exception in paragraph (b) applies only when the cause of action has been fraudulently concealed. Miss. Code Ann. §15-1-36(2)(a), (b)(Rev. 2003).  The First Amended Complaint's factual allegations do not bring either exception into play.

10

Although an entity such as Health Assurance is not specifically listed in Section 15-1-36, this statute of limitation applies to Plaintiff Robinson's medical negligence claim against Health Assurance because Plaintiff Robinson seeks to hold Health Assurance liable for the medical negligence of its employees "[u]nder the theory of *respondeat superior* or vicarious liability." [#24 at 12 at ¶48]. In *Lowery v. Statewide Healthcare Service, Inc*., 585 So. 2d 778 (Miss. 1991), Statewide supplied nurses to the medical center and plaintiff sought to hold Statewide liable under the *respondeat superior* doctrine. *Id*. at 779. The Mississippi Supreme Court applied §15-1-36 to the plaintiff's medical negligence claim against Statewide, even though such an entity was not listed in Section 15-1-36. *Id*. at 780. The Mississippi Supreme Court explained: "It is generally held that a suit barred by a statute of limitations against an agent will likewise bar the same claim against the principal whose liability is based solely upon the principal and agency relationship, and not some act or conduct of the principal separate and apart from the act or conduct of the agent." *Id*. at 780, *quoted in, Rick Bounds Auto Sales, Inc. v. Western Heritage Insurance Company*, 2009 WL 3190339 at *2 (S.D. Miss. September 30, 2009). Since Plaintiff Robinson's medical negligence claim against Health Assurance is based on the legal doctrine of *respondeat superior*, if that claim is time-barred as to Health Assurance's employees, then it is also time-barred as to Health Assurance.

As explained in *Smith v. Sanders*, 485 So.2d 1051 (Miss. 1986), the two-year statute of limitations in Section 15-1-36 begins to run when Plaintiff Robinson

> discovers, or should have discovered by the exercise of reasonable diligence, that [she] probably has an actionable injury. The operative time is when [Plaintiff Robinson] can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner.

*Smith v. Sanders*, 485 So.2d at 1052.

11

Plaintiff Robinson knew about Holmes' death on November 1, 2007. Before he died, Holmes told Plaintiff Robinson and other family members that the medical personnel at WGYCF were not providing appropriate medical care for his loss of appetite, inability to eat and headaches. Therefore, on November 1, 2007, Plaintiff Robinson knew or should have known that Holmes had died and that his death was caused by the medical staff at WGYCF who failed to treat him for his loss of weight, inability to eat and headaches and for these reasons, the statute of limitations began to run on November 1, 2007. *See, Clark Sand Co., Inc. v. Kelly*, 60 So.3d 149, 161 (¶42)(Miss. 2011)(*en banc*)(The court holds the wrongful death claim accrued upon the decedent's death); *Saul ex rel. Cook v. South Central Regional Medical Center, Inc.*, 25 So.3d 1037, 1040 (¶9)(Miss. 2010)(*en banc*)(The court held the statute of limitations in a wrongful death claim does not begin to run any earlier than the date of death and the date the wrongful death beneficiaries' damages accrued.); *Arceo v. Tolliver*, 19 So.3d 67, 73 (¶25)(Miss. 2009)(*en banc*)("In this case, the cause of action accrued no later than the death of Tolliver's daughter, July 13, 2002 [and] the two-year statute of limitations would have expired on July 12, 2004, ... .").

Under Section 15-1-36(2), Plaintiff Robinson had two years from Holmes' date of death on November 1, 2007, to file a claim for wrongful death against Health Assurance based upon the alleged negligent and grossly negligent failure of the medical personnel at WGYCF to treat Holmes for his medical problems. The undisputed material facts show Plaintiff Robinson failed to meet this deadline:

November 1, 2007:    The state law medical negligence claim accrues.

November 2, 2009:    Two-year limitation period expires.[7]

---

[7] Under F.R.C.P. 6(a)(1), the date the state law claim accrued, Thursday, November 1, 2007, is excluded and the ending date for the two-year limitation period, Sunday, November 1, 2009, is included, but since that date falls on a Sunday, the rule provides that Monday, November 2, 2009, is considered the "last day" for the limitations period.

June 21, 2011:        Plaintiff Robinson files First Amended Complaint three years, seven months, 20 days after cause of action accrues.

These undisputed material facts show Plaintiff Robinson failed to file her state law cause of action for medical negligence against Health Assurance within the two-year limitation period in Section 15-1-36(2).   For that reason, Plaintiff Robinson's state law claim is time-barred and accordingly, Health Assurance asks the Court to grant it summary judgment and dismiss that claim.

### First Amended Complaint Does Not Relate Back To The Original Complaint

Rule 15(c) of the Federal Rules of Civil Procedure determines when an amendment relates back to the filing of an original pleading.   Rule 15(c) reads:

> (c)  **Relation Back of Amendments**.
>
> (1)  **When an Amendment Relates Back**.  An amendment to a pleading relates back to the date of the original pleading when:
>
> (A)  the law that provides the applicable statute of limitation allows relation back;
>
> (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading; or
>
> (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendments:
>
> (i)  Received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii)  knew or should have known that the action would have been brought against it, **but for a mistake concerning the proper party's identity.**

F.R.C.P. 15(c).  (emphasis added).

The relate back provision in F.R.C.P. 15(c)(1)(A) applies when the statute of limitations contains a relate back provision.  Section 15-1-36 and Section 15-1-49 do not have a relate back provision, so F.R.C.P. 15(c)(1)(A) does not apply to the First Amended Complaint.  *See, Perkins v. Centennial Healthcare Corp*., 2010 WL 4617147 at *3 (S.D. Miss. November 4, 2010)(Section 15-1-36 does not have a relate back provision and, therefore, F.R.C.P. 15(c)(1)(A) does not apply.).

The relate back provision in F.R.C.P. 15(c)(1)(B) applies if the amended pleading adds a claim that arose out of the occurrence asserted in the original Complaint.  The First Amended Complaint did not add a claim.  Instead, it added Health Assurance as a party defendant to make the same claim against Health Assurance as was made in the original Complaint.  Therefore, F.R.C.P. 15(c)(1)(B) does not make the First Amended Complaint relate back.  *See, Perkins v. Centennial Healthcare Corp*., 2010 WL 4617147 at *3 (S.D. Miss. November 4, 2010).

The relate back provision in F.R.C.P. 15(c)(1)(C) applies when an amended pleading changes a party but only when the new party is being added because the plaintiff made a "mistake" when naming that party in the original Complaint.  However, an amendment to substitute a party for a "John Doe" defendant does not qualify as a "mistake" under F.R.C.P. 15(c)(1)(C) because there has been no "mistake" in identifying the correct defendant.  In *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998) the Fifth Circuit held that an amendment to substitute a named party for a "John Doe" defendant did not relate back to the original complaint under F.R.C.P. 15(c)(1)(C) because "there was no 'mistake' in identifying the correct defendant [but] rather the problem was being able to identify that defendant." *Id*., 133 F.3d at 321, *cited , quoted and discussed in, Johnson v. Burnett*, 2011 WL 976579 at *2-*5 (S.D. Miss. March 17, 2011)(Holding that a Section 1983 claim was time-barred under Section 15-1-49 because the amendment to substitute Burnett for a John Doe defendant

14

did not relate back).  Because the First Amended Complaint substitutes Health Assurance for the "John Doe Corporation" named in the original Complaint, there was no "mistake" in naming the party, so F.R.C.P. 15(c)(1)(C) does not apply.  Therefore, the First Amended Complaint does not relate back to the original Complaint.

Additionally, a relate back provision would not make Plaintiff Robinson's state law medical negligence claim timely because that claim was time-barred when Plaintiff Robinson filed the original Complaint.  The original Complaint was filed on October 29, 2010, which was two years, 11 months and 28 days after the state law claim accrued on November 1, 2007, and, therefore, the medical negligence claim in the original Complaint was barred by the two-year limitation period in Section 15-1-36. [#1 at 1].

## CONCLUSION

When Plaintiff Robinson filed the original Complaint, she used "John Doe Corporation" to identify the entity that employed the medical staff at WGYCF.  Plaintiff Robinson then filed a First Amended Complaint and substituted Health Assurance as the entity that employed the medical staff at WGYCF.

By the time Plaintiff Robinson filed the First Amended Complaint and added Health Assurance, the Section 1983 claim alleging violation of Holmes' constitutional rights was time-barred as to Health Assurance because it was not filed within the three-year period after that claim accrued, and the state law medical negligence claim was time-barred as to Health Assurance because it was not filed within the two-year period after that claim accrued.  The First Amended Complaint did not relate back to the filing of the original Complaint because it did not satisfy any of the provisions in F.R.C.P. 15(c).

15

Additionally, the state law claim would not have been timely filed even if the First Amended Complaint did relate back to the original Complaint because the original Complaint was filed more than two years after the state law claim accrued.

For the foregoing reasons, Defendant Health Assurance asks the Court to grant it summary judgment and dismiss the federal law claim and state law claim Plaintiff Robinson  brings against it because those claims are time-barred.

Respectfully submitted, this the 19th day of September, 2011.

HEALTH ASSURANCE LLC

BY:  WATKINS & EAGER PLLC


s/*Robert H. Pedersen*
Robert H. Pedersen (MSB #4084)

OF COUNSEL:

Walter T. Johnson (MSB #8712)
Robert H. Pedersen (MSB #4084)
WATKINS & EAGER, PLLC
400 East Capitol Street, Suite 300
Post Office Box 650
Jackson, Mississippi 39205
Phone:  (601) 965-1900
Fax:     (601) 965-1901
bpedersen@watkinseager.com
wjohnson@watkinseager.com

*Attorneys for Defendant Health Assurance LLC*

16

## <u>CERTIFICATE OF SERVICE</u>

I, Walter Johnson, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Earle S. Banks, Esq.
Ellie F. Turnage, Esq.
Halbert E. Dockins, Jr., Esq.
DOCKINS, TURNAGE & BANKS PLLC
6520 Dogwood View Parkway, Suite B
Jackson, MS 39213
> *Attorneys for Plaintiff, Terry Robinson, Individually and on behalf of the Wrongful Death Beneficiaries of Dennis Earl Holmes*

Jeffrey T. Webb, Esq.
Webb Law Firm, PLLC
P. O. Box 452
203 South Pearl Street
Carthage, MS 39051
> *Attorneys for Defendant, The Town of Walnut Grove*

Lee Thaggard, Esq.
Hammack, Barry, Thaggard & May, LLP
P. O. Box 2009
Meridian, MS 39302-2009
> *Attorneys for Defendants, Walnut Grove Correctional Authority, Cornell Companies, Inc., GEO Group, and Walter "Brick" Tripp*

and I hereby certify that I have mailed by United States Postal Service a true and correct copy of the above and foregoing pleading to the following non-ECF participant:

None.

THIS the 19th day of September, 2011.

s/*Robert H. Pedersen*
Robert H. Pedersen (MSB #4084)

17