## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**TERRY ROBINSON, INDIVIDUALLY**
**AND ON BEHALF OF THE WRONGFUL**
**DEATH BENEFICIARIES OF**
**DENNIS EARL HOLMES, DECEASED**                                                          **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO.: 3:10CV629-CWR-LRA**

**THE TOWN OF WALNUT GROVE, ET AL.**                                                     **DEFENDANTS**

### ORDER TO SHOW CAUSE

THIS CAUSE came before the Court on the Affidavit filed by Les Mills, Paralegal for Dockins Turnage & Banks PLLC, setting forth the efforts he has made to serve Plaintiff Robinson with a copy of this Court's Order allowing Plaintiff's attorneys to withdraw from representing him. These efforts are sufficient to comply with the Court's directives, and Plaintiff's attorneys are relieved from further responsibilities in this case.

Plaintiff was given until May 16, 2012, in which to employ new counsel or to inform the Court that he would proceed *pro se*. He has failed to cause new counsel to appear of record or to contact the Court or to comply with the directives set forth in the prior Order. This case cannot proceed if the Court cannot contact Plaintiff or he refuses to comply with the Court's Orders and directives.

This Court has the authority to dismiss an action for failure of a party to prosecute or to comply with any order of the court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). Plaintiff may have lost interest in

prosecuting the complaint against Defendants; otherwise, he would have provided the Court with information regarding new counsel and followed the Court's instructions as set forth in the Order.  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, *supra*, 370 U.S. at 630.  The actions of the Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

IT IS, THEREFORE ORDERED, that on or before **June 1, 2012**, Plaintiff shall show cause in writing as to why he has failed to have counsel enter an appearance of record, or to notify the Court that he will represent himself.  Alternatively, new counsel should enter an appearance on or before **June 1, 2012.**

IT IS FURTHER ORDERED that this Order be sent to Plaintiff at the last address known to his former counsel, 1427 Mannsdale Road, Madison, MS   39110.  PLAINTIFF IS HEREBY WARNED THE FAILURE TO FULLY COMPLY WITH THIS ORDER WILL RESULT IN THE DISMISSAL OF HIS COMPLAINT AGAINST DEFENDANT WITHOUT FURTHER NOTICE.

SO ORDERED this the 17th day of May, 2012.

                                        /s/ Linda R. Anderson
                              UNITED STATES MAGISTRATE JUDGE